IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DEAN TAYLOR,

    Plaintiff,                    No. CIV S-05-2535 GEB GGH P

    vs.

KATHY PROSPER, et al.,

    Defendants.               FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Proper's August 23, 2006, motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the court recommends that defendant's motion be granted and this action be dismissed.

LEGAL STANDARD FOR MOTION TO DISMISS.

        A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which would entitle him to relief. NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957), Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal of the complaint, or any claim within it, "can be based

on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, <u>reh'g</u> <u>denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" <u>NOW</u>, 510 U.S. at 256, 114 S. Ct. at 803, <u>quoting</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. <u>See</u> <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987).

/////
/////
/////

DISCUSSION

This action is proceeding on the amended complaint filed March 20, 2006. The only defendant is Warden Prosper. Plaintiff alleges that he does not have access to notary public services or certified mail services. Plaintiff alleges that there are "certain documents that must be notarized and some documents that must be served by certified and/or registered mail, e.g. U.S. Treasury Dept. documents, Secretary of State documents, bills of exchange, verified constructive notices, inter alia." Amended Complaint, p. 5. Plaintiff alleges that at one time he was instructed to have money sent to the prison to pay for notary services. However, when the money arrived it was used for other purposes. Plaintiff does not claim that he should have free access to these services. Rather, he alleges that he is willing to pay for them. Plaintiff seeks injunctive relief only.

Defendant moves to dismiss on the following grounds: 1) plaintiff has failed to allege an actual injury; 2) plaintiff admits he had access to notary services, albeit at his own expense; 3) defendant should be dismissed because plaintiff's claim is predicated on her supervisory capacity; 4) defendant is entitled to qualified immunity.

The court will first address defendant's argument that the action should be dismissed because plaintiff's claim is predicated on her supervisory capacity.

Just as it is not necessary to allege <u>Monell</u>[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, <u>Chaloux v. Killeen</u>, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant. All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued. <u>Harrington v. Grayson</u>, 764 F. Supp. 464, 475-

---

[1] <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 98 S. Ct. 2018 (1978).

477 (E.D.Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988). ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit. However, because a suit against an official in his or her official capacity is a suit against the state, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief. Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).

Plaintiff seeks injunctive relief only. Therefore, defendant Prosper in her official capacity may be sued if plaintiff is alleging that he was denied access to a notary public and certified mail pursuant to a state policy or procedure.[2] As discussed above, plaintiff alleges that prison officials told him that he could have access to a notary if he was willing to pay for it. Plaintiff alleges that his father sent the money for the notary but that the money was "misappropriated for an unknown purpose." Based on this allegation, the court finds that plaintiff is not claiming that he is being denied access to notary public services pursuant to a state policy. Rather, plaintiff has access to this service but on one occasion did not receive it due to alleged mishandling of his trust funds. Plaintiff does not allege that he was denied access to certified mail pursuant to a state policy. Accordingly, because plaintiff does not allege that he was denied access to these services pursuant to a state policy, defendant Prosper is not properly named as a defendant.

Even assuming that plaintiff alleged that he was denied access to these services pursuant to a state policy, the court would find that defendant's motion should be granted. To the

---

[2] A state official may be sued in her individual capacity for injunctive relief if the official is linked to the alleged misconduct. Since plaintiff attempts no linking whatsoever, the court proceeds against Prosper in her official capacity.

extent plaintiff alleges that his inability to access these services interfered with his ability to access the courts, he has alleged no actual injury. Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996) (inmates alleging the denial of the right to access the courts must demonstrate an "actual injury," i.e. some specific instance in which they were actually denied access to the courts).

Plaintiff also alleges that his ability to file documents with various government agencies has been hampered by his inability to access these services. Although prisoners retain the First Amendment freedom to communicate with the outside world, Lewis v. Casey, 518 U.S. 343, 405, 116 S. Ct. 2174, 2206 (1996) (citing Thornburgh v. Abbott, 490 U.S. 401, 411-412, 109 S. Ct. 1874 (1989)), it is doubtful that this right requires prison officials to provide inmates with access to notary publics and certified mail. However, even assuming that it does, plaintiff does not specifically allege that his ability to contact these government agencies was interfered with as a result of his inability to obtain notarized documents or to send certified mail. Plaintiff alleges that on one occasion he attempted to obtain a notarized power of attorney so that his father could conduct business on his behalf. This allegation does not involve plaintiff's ability to communicate with government agencies. Plaintiff's inability to obtain a notarized power of attorney so that his father could conduct business for him does not state a constitutional claim.

Defendant also argues that she is entitled to qualified immunity. The court need not reach this argument because defendant's motion should be dismissed on the grounds discussed above.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's August 23, 2006, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   11/1/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
tay2535.mtd